# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR417 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHNNY HALL, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Johnny Hall's Motion to Reopen Detention Proceedings and Permit Temporary Release. (Doc. 15). For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On August 13, 2020, a Grand Jury indicted Defendant with seven counts related to the unlawful possession of firearms and trafficking of narcotics. (*See* Doc. 10). Prior to the Indictment on July 23, 2020, Defendant waived his right to a Detention Hearing, but reserved the right should his circumstances change. (Doc. 8).

On November 5, 2020, Defendant filed the instant Motion alleging circumstances have changed and that he is entitled to a Detention Hearing. (Doc. 15). The Government opposed the Motion. (Doc. 16).

## II. LAW & ANALYSIS

Defendant argues that circumstances have changed that allow the Court to reopen his detention proceeding and permit his temporary release under 18 U.S.C. § 3143(i). The Court disagrees.

A district court *may* reopen a detention hearing based on changed circumstances. 18 U.S.C. § 3142(f)(2)(B). However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600 (6th Cir. Apr. 13, 2012) (citing § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at the trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Section 3143(i) allows a district court to "permit the temporary release of [a defendant]…to the extent that…such release [is] necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). A Defendant bears the burden of establishing circumstances warranting a temporary release under § 3143(i). *United States v. Bothra*, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020) (non-precedential). Any request under § 3143(i) must be 'temporary' and have an end date in mind. *Id.* Moreover, "generalized fears of contracting COVID-19, without more, [do not] constitute a compelling reason." *Id.* Rather, courts must look at individualized circumstances, like a person's danger to the community or flight risk. *Id.*

Defendant's request fails for three reasons. First, Defendant's circumstances have not changed since his decision to waive his detention hearing. Defendant argues that his "health

issues[] and the current COVID-19 pandemic present 'changed circumstances' why [Defendant's] detention is no longer appropriate and [he] poses no risk of flight or danger to the community." (Doc. 15, PageID: 48). But as he admits, Defendant has had asthma since childhood. And the COVID-19 pandemic was well underway at the time Defendant chose to waive his right to a detention hearing in July of 2020. His new "belief" that he now suffers from sleep apnea likewise cannot support reopening his detention proceedings. He also provides no documentation to support any medical concern. Most importantly, the cited 'change circumstances' have no bearing on Defendant's risks of danger to the public and flight, as discussed below.

Second, Defendant has not satisfied his burden in justifying temporary release under § 3143(i). Initially, there is no indication from Defendant's motion that he expects his release to be 'temporary' as the statute requires. Additionally, the presence of COVID-19 is not a compelling reason by itself. *Bothra*, 2020 WL 2611545 at *2. And, as discussed below, Defendant presents both a danger to the public and a flight risk.

Lastly, even if the Court were inclined to reopen proceedings, detention would remain appropriate. While the default position under § 3142 is pretrial release, that default is modified when "the judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes listed in § 3142(e)(3)(A)–(E). 18 U.S.C. § 3142(e)(3). In such a case, a presumption in favor of detention exists. *Id.* In order to defeat this presumption, a defendant must come forward with evidence that he does not pose a danger to the community or a flight risk. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). While the burden is not heavy, a defendant must introduce at least some evidence. *Id.*

When the government presents an indictment including charges listed in § 3142(e)(3), it has fulfilled its burden to establish the presumption in favor of detention.  *Id.* (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)).  Here, the Grand Jury indicted Defendant with crimes listed in § 3142(e)(3)(A) & (B).  Accordingly, the Government established the presumption of detention.

Defendant thus must produce "some evidence" that he does not pose a danger to the community or a flight risk.  Defendant has not satisfied this burden. Defendant's medical conditions and the presence of COVID-19 have no bearing on Defendant's risk to the community or flight.  In fact, both conditions (presumably) existed in June of 2020 when Defendant decided to flee authorities initiating a traffic stop.  Police eventually caught Defendant and found a loaded firearm and narcotics.

Even more concerning is that the June incident occurred after a January of 2020 incident involving a similar fact pattern.  In January, Defendant again led authorities in a car chase.  When he eventually stopped, he fled on foot.  Upon apprehension and further investigation, authorities uncovered a loaded firearm and narcotics.

For his January 2020 activities, Defendant faced charges in State court.  The State court released Defendant on pretrial bond.  Yet that did not stop Defendant from committing the acts in June of 2020—again, during the COVID-19 pandemic that he now relies on for release.

Thus, even if the Court were to reopen detention proceedings, it would find that Defendant has not rebutted the presumption of detention and that Defendant presents both a danger to the public and a flight risk.

- 5 -

### III. CONCLUSION

No circumstances have changed that justify reopening Defendant's detention proceedings. Furthermore, temporary release is improper. Finally, Defendant presents both a danger to the public and a flight risk. For the reasons, the Court **DENIES** Defendant's Motion. (Doc. 15).

    **IT IS SO ORDERED.**

                                             s/ Christopher A. Boyko
                                             **CHRISTOPHER A. BOYKO**
                                             **Senior United States District Judge**

**Dated: December 18, 2020**